IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE ANN LOWE,<br><br>           Petitioner,<br><br>    v.<br><br>GLORIA HENRY,<br><br>           Respondent. | CV F 045-0513 AWI WMW HC<br><br>FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS<br><br>[Doc. 14] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

## PROCEDURAL HISTORY

Petitioner was convicted of two counts of second degree murder in Fresno County Superior Court on February 9, 1999. In addition, she was found to have served two prior prison terms. Petitioner was sentenced to serve two concurrent prison terms of fifteen years to life, plus a consecutive term of two years.

Petitioner filed a direct appeal, and on March 29, 2001, the Court of Appeal for the Fifth Appellate District affirmed the judgment. The California Supreme Court denied Petitioner's petition for review.

Petitioner filed a petition for post-conviction relief in Marin County Superior Court on August 18, 2003, which was transferred to the Fresno County Superior Court. The court denied the petition on August 29, 2003.

Petitioner filed three prior petitions for writ of habeas corpus in this court challenging the same conviction she challenges in the present action. Lowe v. Henry, 01-5950 LJO was denied on the merits on June 30, 2003. Lowe v. Henry, 04-5854 REC TAG was dismissed as successive to 01-5956 LJO on December 23, 2004. Lowe v. Henry, 05-0098 REC LJO was dismissed with prejudice on December 30, 2005, for Petitioner's failure to comply with 28 U.S.C. Section 2244(d)'s one year limitation period and 28 U.S.C. Section 2244(b)'s proscription against successive petitions.

## DISCUSSION

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that she suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,*

522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on April 19, 2005, after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392

(1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

SECOND OR SUCCESSIVE PETITION

Respondent moves dismiss this petition as unauthorized second or successive petition. Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
A court of appeals may grant such an order only upon a showing that:

(A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

As set forth above, Petitioner has filed three prior petitions for writ of habeas corpus in this court challenging the same conviction challenged in the current petition. Her current

petition is therefore successive.  Petitioner has not provided this court with an order from the Ninth Circuit under Section 2244(b) authorizing her to file a second or successive petition with this court.  Accordingly, this petition must be dismissed.

STATUTE OF LIMITATIONS

Respondent also moves to dismiss this petition as barred by the one-year statute of limitations set forth in 28 U.S.C. Section 2244(d).  For the reasons already set forth in the findings and recommendations entered in <u>Lowe v. Henry</u>, 05-0098 REC LJO, this court finds that the present petition is barred by the statute of limitations and that no basis for equitable tolling has been presented by Petitioner.   Accordingly, this petition must be dismissed with prejudice.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Respondent's motion to dismiss be GRANTED,  this petition for writ of habeas corpus be DISMISSED WITH  PREJUDICE, and the Clerk of the Court be directed to close this case and enter judgment for Respondent.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 17, 2006**                              /s/  William M. Wunderlich
mmkd34                                            UNITED STATES MAGISTRATE JUDGE